IRA V. GERMAIN, appellant, *vs.* THE STEAM TUG INDIANA, appellee.

*Appeal from Cook County Court of Common Pleas.*

The tenth chapter of the Revised Statutes creates a lien in favor of those engaged in running and managing a vessel, and those furnishing her with materials or supplies; which attaches the moment the liability is incurred. The lien, however, cannot be asserted to the prejudice of creditors, incumbrancers or purchasers, unless the remedy is pursued within three months after the cause of action accrues. To this extent, the maratime law is extended over domestic vessels.

The claims of seamen are superior to those of material-men, and are to be first paid.

Our statute adopts the maratime law, in the creation of a lien in favor of mariners and material-men, but has provided a different remedy for the enforcement of such lien, which, although in some respects a proceeding *in rem*, has no such conclusive effect as an admiralty decree.

The sale of a vessel, under a judgment in attachment, obtained by a seaman or materialman, does not divest any liens of a superior degree, nor any antecedent liens of the same degree.

A lien once acquired continues in full force three months, unaffected by any proceedings to enforce subsequent liens, and the lien-holder is not chargeable with laches until that period has elapsed.

On the twentieth day of October, 1849, the appellant sued out of the Cook County Court a writ of attachment against said Steam Tug Indiana; which was executed on that day. The proceeding was under the statute entitled " Attachments of boats and vessels." At the February term following, George W. Lay interpleaded, and, by his interpleader, set up, that on the tenth day of October, 1849, and previous to suing out the attachment of appellant, attachments were issued by Henry L. Rucker, a justice of the peace, in and for said county, under and by virtue of the same act, in favor of divers parties, and that such proceedings were afterwards had before such justice; that judgment was rendered upon the claims set up by said parties; and that on the 19th day of November, 1849, the said Steam Tug was sold, to satisfy said judgments; and that said Lay became the purchaser thereof, at the sale, for the sum of four hundred dollars. To this plea of interpleader the said appellant filed his demurrer. The demand of the appellant was for fuel furnished the said steamboat, between the eighth and twenty-fourth days of September, 1849.

The cause came on to be heard before Spring, Judge, at the February term of the Cook County Court of Common Pleas. The Court overruled the demurrer; and the appellant electing to stand by his demurrer, the Court pronounced the interpleading sufficient in law, dismissed the attachment of appellant, and found the right of property in said steamboat in said George W. Lay. From this decision this appeal was prayed.

MANNIERE & MEEKER, for appellant, cited 4 Gilman, 435; Law Reporter, June number, for 1850, pages 66, 67 and 68; 1 Sumner, 81 and 85; 5 Peters, 689 ; Ware Rep., 108, 149, 154, 188, 322, 363 ; Gilp., 185; 2 Gall., 483; 1 Gilm., 636; 6 Peters' Cond., 505; 2 Story, 144, 455'; 9 Wheaton, 409; 14 Ohio Rep., 28; 1 Peters, 386, 441–3.

I. N. Arnold, for appellee, cited 5 Blackford, 483, and 10 Missouri, 527.

Opinion by Treat, C. J.:

The plea presents the question, whether the sale of a vessel, under a judgment in attachment, rendered in a proceeding to enforce a lien existing on the vessel, by virtue of the provisions of the tenth chapter of the Revised Statutes, discharges all other liens that may exist against the vessel, in pursuance of the same provisions.

The first section of that chapter declares, that "Boats and vessels of all descriptions, built, repaired or equipped, or running upon any of the navigable waters within the jurisdiction of this state, shall be liable for all debts contracted by the owner or owners, masters, supercargoes or consignees thereof, on account of all work done, supplies or materials furnished by mechanics, tradesmen and others, for, on account of, or towards the building, repairing, fitting, furnishing or equipping such boats and vessels, their engines, machinery, sails, rigging, tackle, apparel and furniture; and such debts shall have the preference of all other debts due from the owners or proprietors, except the wages of mariners, boatmen and others, employed in the service of such boats and vessels, which shall first be paid."

By the second and third sections, any person having a demand against a vessel, of the character named in the preceding section, may sue out an attachment, and have it levied on the vessel; and thereupon the like proceedings are to be had as in other cases of attachments.

The sixth section provides, that "no creditor shall be allowed to enforce the lien created under the provisions of this chapter, as against, or to the prejudice of any other creditor, or subsequent incumbrancer, or bona fide purchaser, unless suit be instituted to enforce such lien, as provided in this chapter, within three months after the indebtedness accrues or becomes due, according to the terms of the contract."

These provisions clearly create a lien in favor of those engaged in the running and management of a vessel, and those furnishing her with materials or supplies. The lien attaches the moment the liability is incurred. It is acquired by force of the statute, and not by virtue of the levy, as in the case of an ordi-

nary attachment. The attachment is but the remedy prescribed for the enforcement of the lien. The lien, however, cannot be asserted to the prejudice of creditors, incumbrancers or purchasers, unless the remedy is pursued within three months after the cause of action accrues. To this extent, the maratime law, as respects the rights of seamen and material-men, seems to be extended over domestic vessels. The claims of the former are superior to those of the latter, and are to be first paid.

It is contended, that the effect of a sale under the statutory remedy, is the same as that upon a proceeding in admiralty under the maratime law. In the Admiralty Courts, the proceeding is directly against the vessel, and all persons interested are regarded as parties. They are required, by the most solemn forms of notice, to appear and make known their demands against the vessel. The Court then proceeds to settle and adjust the various claims and interests of the parties. The decree is for the sale of the entire interest in the vessel, and is conclusive on all the world. The sale is for the benefit of all concerned, and the proceeds are distributed, under the direction of the Court, according to the ascertained rights of the parties. The purchaser acquires an indefeasible title to the vessel, divested of all liens of whatsoever nature.

If our statute authorized such an adjustment of the rights of lien-holders, and required such a distribution of the proceeds, we should not hesitate to hold, that the sale would have all the force and effect of a sale under a decree in admiralty. But the statute seems to go no further in the adoption of the maratime law, than the creation of a lien in favor of the material-man and mariner. It fails to provide a mode of enforcing the lien, at all analagous to the proceeding in admiralty. On the contrary, the ordinary remedy by attachment is prescribed, which, although in some respects a proceeding *in rem*, has no such conclusive effect as an admiralty decree. The fact that the Legislature has provided a different remedy, excludes any conclusion that it designed either to adopt the maratime remedy, or the consequences resulting therefrom. Under the statute, each lien-holder must institute a distinct proceeding, in order to enforce his lien. They are not even required to pursue their remedies before the same tribunal. One of them cannot appear in a suit commenced by another, and assert his claim against the vessel.

The Court in which different actions may be pending against the same vessel, has no authority to consolidate them, but each progresses as an independent proceeding. It has no power to bring before it the various parties in interest, and, after ascertaining their respective rights, direct a sale of the vessel, and a distribution of the proceeds among them. It can only enter a judgment in favor of each attaching creditor, and award an execution for the sale thereof. The surplus, after the satisfaction of the particular judgment, goes to the owner of the vessel, without reference to existing liens. The purchaser takes the vessel, subject to every subsisting lien of a superior class, and to those of the same class originating prior to the one on which the attachment was founded. It cannot be insisted that the most vigilant in the prosecution of his remedy, is entitled to priority in payment. A lien once acquired, continues in full force for three months, unaffected by any proceedings to enforce subsequent liens. The lien-holder is not chargeable with laches until that period has elapsed. In the opinion of the Court, the sale of a vessel under a judgment in attachment, obtained by a seaman or material-man, does not divest any liens of a superior degree, nor any antecedent liens of the same degree.

We were referred to the cases of The Steamboat Rover vs. Stiles, 5 Blackford, 483, and The Steamboat Raritan vs. Smith, 10 Missouri, 527, as holding a contrary doctrine, under similar statutes. The statute of Indiana, under which the first decision was made, authorized any number of lien-holders to unite in pursuing their remedy; and the Court held, that a party, who had neglected to appear and interpose his claim in a proceeding against a vessel, could not afterwards insist on his lien, to the prejudice of the purchaser under the judgment rendered in that proceeding. The decision may be justified by the peculiar statute of that state, authorizing a remedy much resembling the proceeding in admiralty, but it furnishes no criterion for a correct interpretation of our statute, materially variant in its provisions. The other case arose on a statute of Missouri, very much like ours; and it was held, that a sale of a boat to satisfy a lien of any class, conveyed to the purchaser a title free from the liens of every other class, superior as well as inferior. We are not satisfied with the reasons of the Court for such a conclusion. The fault in the case is in applying the effect of a

proceeding in admiralty, where all persons interested have a right to appear to a proceeding in which they are not permitted to intervene for the protection of their interests. It is contrary to all our notions of justice and equity, to divest a man of his rights by a proceeding to which he is not a party, and in which he cannot appear and defend them. If he is to be concluded by the judgment, an opportunity should be afforded him of presenting his claims for adjustment.

The Court below erred in overruling the demurrer to the plea, and the judgment must be reversed, with costs, and the cause remanded for further proceedings.

*Judgment reversed.*