### THE PROPELLER HILTON

*v.*

### THOMAS E. MILLER *et al.*

1. ATTACHMENT OF VESSEL —*setting aside default.* After judgment by default against a vessel in a proceeding by attachment for supplies, and, at the same term of court, a party applied to the court to have the default set aside and permit him to come in and defend the action as owner of the vessel, based upon his affidavit of ownership acquired by purchase on a sale of the vessel under a mortgage, which was a prior lien. In the attachment proceeding no owner of the vessel was named in the affidavit, statement of the

claim, or warrant, and there was no published notice to any one of the pen-
dency of the suit.   The court refused the application : *Held*, that the court
erred in the refusal.

2.  Lien *on boat for supplies—priority*.   A prior mortgage on a vessel, duly
recorded, has precedence of a lien of a material-man subsequently acquired.

Appeal from the Superior Court of Chicago; the Hon.
Joseph E. Gary, Judge, presiding.

Mr. E. G. Hooke, for the appellant.

Messrs. Rae & Mitchell, for the appellees.

Mr. Justice Breese delivered the opinion of the Court:

We have nothing to add on the general question of jurisdic-
tion in cases like this, to what has been said by this court in
*Williamson* v. *Hogan*, 46 Ill. 504; *Tug Montauk* v. *Walker*,
47 id. 335 ; *Schooner Norway* v. *Jensen*, 52 id. 373 ; and *Tug
Boat Dorr* v. *Waldron et al., ante.*

We have confined our examination of the record to one point
only made upon it, and that is the refusal of the court to set
aside the default on motion and affidavit of Staples, and permit
him to come in and defend the action as owner of. the
vessel.

In the affidavit, statement of the claim, and warrant, no
owner is named, and there was no published notice to any one
of the pendency of the attachment.   Under such circumstances,
where the proceeding is *in rem*, any one who may, by affidavit,
show a right to the *res*, should be permitted to defend, and thus
protect his title.

It is a right, of which a party can not be deprived.

It is true, in the præcipe, Horatio Hill is named as the owner,
and a summons issued against him, but it does not follow he
was the true owner.   Staples had a right to come in and con-
test the fact at the threshold of the proceeding, and not be
forced to resort to an action of replevin or to a bill in chan-
cery.

For this error the judgment is reversed and the cause remanded, with instructions to the Superior Court to admit Staples as defendant.

That a prior mortgage on a vessel has precedence of the lien of a material-man, subsequently acquired, is settled by the case of the *Barque Great West No.* 2 v. *Oberndorf,* 57 Ill. 168.

*Judgment reversed.*[*]

---

[*]THE PROPELLER HILTON *v.* ELLIS *et al.*

BREESE, J.: This case is, in all respects, like the next preceding case, *Propeller Hilton v. Miller et al.,* and must be decided in the same way.

The judgment is reversed and the cause remanded, with the same instruction as in that case.