THOMAS SAMUEL

*v.*

FRANCIS AGNEW, Sheriff, Etc.

1. ATTACHMENT—*attaching creditor acquires no greater right than his debtor.* An attaching creditor can not acquire through his attachment any higher or better right to the property or assets attached than the defendant had when the attachment was made, unless he can show some fraud or collusion by which his rights were impaired.

2. SAME—*judgment not binding on stranger to record.* A person whose goods have been improperly seized under a writ of attachment, and who is no party to the suit, is not concluded by the judgment in the attachment, and may replevy the same from the officer.

3. REPLEVIN—*lies against officer attaching stranger's goods.* Replevin will lie in favor of the owner against an officer who levies an attachment upon goods not the property of the defendant in attachment, if such owner is entitled to their possession.

4. SAME—*in what court it may be brought.* Where goods are taken and held under an attachment issued from the Superior Court of Cook county, which belong to one not a party to the attachment, the owner, being entitled to their possession, may bring replevin for them in either the Superior or circuit court of that county, as he may choose, these courts being practically the same.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This proceeding was instituted by appellant against appellee, as sheriff of Cook county, for the purpose of having him attached, and punished for contempt, in not selling certain goods and chattels, in his hands, levied upon by an attachment and special execution.

A rule to show cause was entered and served upon appellee, who, in return thereto, showed that the goods and chattels, so levied upon, had not been sold, but had been delivered up to the coroner of Cook county, on a writ of replevin issued out of the circuit court of Cook county, at the suit of one Edward Taylor, who was not a defendant in the attachment suit, after the execution had been issued and levied on said goods and

chattels, by appellee; and that he had been guilty of no neg-
ligence in selling before the writ in the replevin suit was
served upon him. The court, thereupon, ordered that ap-
pellee be discharged; to reverse which order this appeal is
prosecuted.

Messrs. POPE & COMPTON, for the appellant.

Messrs. RICABY, BALDWIN & HANNA, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The question first arising on this record is, does a judg-
ment *in rem* in attachment, where goods belonging to a per-
son other than the defendant in attachment, and upon which
there is no express prior lien in favor of the attaching creditor,
have been seized by the sheriff, give the sheriff the right to
hold the goods against the owner; or, in other words, convert
what was before a tortious possession, into a lawful one ?

Counsel for appellant insist this court, in *Bliss et al.* v.
*Heasty et al.* 61 Ill. 338, recognizes the doctrine that the
judgment, in such cases, is conclusive, where the goods are
purchased by third parties, *bona fide,* at the sale, although it
would not be so as between the parties to the suit. A refer-
ence to the question before the court, in that case, will show
that the court, in what was said, had not the slightest reference
to a case where, under an attachment against one person, the
goods of another are seized. There was no question there, but
the property seized was that of the defendant in the attach-
ment, and he had proper notice by publication. The question
was, whether the judgment thereupon rendered was so conclu-
sive, between the parties, as to bar an action by the defend-
ant in the attachment, for the malicious suing out of the
attachment, and with reference to that question, this language
was used : " Appellants urge that the court below erred in
rendering the judgment, because they claim the recovery in
the attachment suit is conclusive between the parties, and can
not be questioned in a collateral proceeding. That it is so
far conclusive, that strangers to the proceeding will be pro-

tected in their rights by purchase or otherwise, inasmuch as the court acquired jurisdiction of the subject matter, we can not doubt." But there is nothing from which it can be inferred that the court intended to say that the issuing of an attachment, and the publication of a notice, in a suit against A, would give the court jurisdiction to render a judgment against the goods of B, merely because they had been wrongfully seized, as the goods of A, by the sheriff.

On the contrary, however, in *Germain* v. *Steam Tug Indiana*, 11 Ill. 535, where it was contended by counsel that a sale of a boat under proceedings in attachment, operated like sales under proceedings in admiralty courts, and that the purchaser acquired an indefeasible title, divested of all liens of whatsoever nature, it was held, that the ordinary proceeding by attachment, although a proceeding *in rem*, has no such conclusive effect as a decree in admiralty; that a sale under it does not divest any liens of a superior degree, nor any antecedent liens of the same degree. And this is quoted with approval in *Propeller Hilton* v. *Miller et al.* 62 Ill. 230.

It is said in Drake on Attachments, § 220: " It is a well settled principle, that an attaching creditor can acquire, through his attachment, no higher or better rights to the property or assets attached than the defendant had *when the attachment took place*, unless he can show some fraud or collusion by which his rights are impaired." And we understand the more reasonable doctrine to be, that proceedings in attachment are against the interest of the defendant in the attachment, and those claiming under him, in the thing attached; and that a person whose goods have been seized improperly, and who is no party to the suit, is not concluded by the judgment. *Megee* v. *Beirne*, 3 Wright, 50–63; *Breeding* v. *Siegworth*, 5 Casey, 396; *Woodruff* v. *Taylor*, 20 Vt. 65; *Barber* v. *The Bank*, 9 Conn. 407.

The question then occurs, is replevin a proper remedy against a sheriff who has levied a writ of attachment against one person, upon the property of another, at the instance of the party whose property is thus wrongfully levied upon ? It

seems to be well settled that this remedy would be appropriate in such cases, aside from anything to be found in our statute. Allen on Sheriffs, 272, *et seq.*; 3 Robinson's Practice, 477–8; *Clark* v. *Skinner*, 20 Johns. 465; *Thompson* v. *Butler*, 14 id. 84; *Garner* v. *Campbell*, 15 id. 401; *Judd* v. *Fox*, 9 Cowen, 259; *Climer* v. *Russell*, 2 Blackford, 172; *Daggett* v. *Robins*, id. 415.

The first section of our statute, entitled "Replevin," Gross' Stats. (1869) p. 569, extends the action, generally, to all instances where goods or chattels shall have been wrongfully distrained, or *otherwise wrongfully taken*, or shall be *wrongfully detained*, in favor of the owner, or person entitled to their possession.

The second section is as follows: "No action of replevin shall lie at the suit of *the defendant* in any execution or attachment to recover goods or chattels seized by virtue thereof, *unless* such goods and chattels are *exempted by law* from such execution or attachment; nor shall an action of replevin lie for such goods and chattels at the suit of any other person, *unless he shall, at the time, have a right to reduce into his possession the goods taken.*" Thus clearly implying that when the goods of a person, other than the defendant in the execution or attachment, are seized, and he has the right to reduce them to possession, he may bring replevin. *Heagle et al.* v. *Wheeland*, 64 Ill. 423.

The remaining question is, whether it was competent to commence the suit in replevin in the circuit court, or could it only have been legally commenced in the Superior court, where the attachment suit was pending?

*Taylor et al.* v. *Carryl*, 20 Howard, 583, and *Freeman* v. *Howe et al.* 24 id. 450, and other decisions, cited from the Supreme Court of the United States, sustain the doctrine that where goods are in the custody of the officers of a United States court, under judicial process from such court, they can not be taken by process from State courts, and so *vice versa;* and this to the end that there shall be no conflict between the respective jurisdictions of the State and Federal courts, and,

if that question were involved here, they would be conclusive. But it is not, and upon the other questions discussed in them, they are binding only to the extent we are convinced of the justice and correctness of their conclusions. Nor is there any question presented of conflict, as to the control of the property, between courts of dissimilar organization and powers. Both courts emanate from the same sovereignty, and they have coördinate jurisdiction in civil cases, in Cook county. In *Jones* v. *Albee*, 70 Ill. 34, we held that it was the design of the constitution that judges of circuit courts, and the judges of the Superior Court of Cook county, should exercise the same powers and be placed upon the same footing.

There is, therefore, no apparent reason why, if the action of replevin might be brought in the Superior Court of Cook county, it might not, with equal propriety, be brought in the circuit court of that county, which is practically but a branch of the same court. *Jones* v. *Albee, supra.*

Entertaining these views, it follows, in our opinion, the court properly held that appellee was guilty of no contempt of court in surrendering the property in his custody, to the coroner, on the writ of replevin.

When, if in any case, an officer who submits, in good faith, to one rather than the other of two jurisdictions, upon the face of the record apparently equally obligatory upon him, can be adjudged guilty of contempt, because it shall subsequently appear that to which he submitted was not legally paramount, we shall leave, for the present, an open question.

The judgment is affirmed.

*Judgment affirmed.*