## Case No. 7,621.

### The KATE HINCHMAN.

[7 Biss. 238; [1] 8 Chi. Leg. News, 388.]

Circuit Court, N. D. Illinois. July, 1876.[2]

PRIORITY OF MORTGAGES OVER LIEN UNDER STATE LAW.

A duly recorded mortgage upon a vessel should be paid, in preference to a claim for supplies and materials furnished in the home port.

[Cited in The Theodore Perry, Case No. 13,-879; The Canada, 7 Fed. 733; The Mystic, 30 Fed. 74; The Sylvan Stream, 35 Fed. 315. Criticised in Clyde v. Steam Transp. Co., 36 Fed. 502. Cited contra in The Madrid, 40 Fed. 678. Overruled in The J. E. Rumbell, 148 U. S. 4, 13 Sup. Ct. 502.]

[Appeal from the district court of the United States for the Northern district of Illinois.]

The original libel in this case, under which the schooner was sold, was filed by seamen, and the sale took place December 16, 1874. On that day the petitioners, Miller Brothers, and Gilbert Hubbard & Co., filed intervening claims for a portion of the proceeds of the vessel arising from the sale. These cases were submitted to the court under a stipulation of the following facts: A mortgage was executed upon the schooner, dated March 1, 1871, which was duly recorded in the office of the collector at Chicago. The claim of Miller Bros. was for labor and materials furnished the vessel from January 1st, 1873, to December, 1874. Gilbert Hubbard & Co.'s claim was for supplies furnished, partly prior to 1871, and also during that year and up to October, 1874. Chicago was the home port of the vessel, and the supplies and materials were there furnished at the request of the master and owners.

Rae & Mitchell, for material men.
John C. Richberg, for mortgagee.

DRUMMOND, Circuit Judge. The petitioners had a lien upon the schooner under the laws of the state of Illinois. There is not a sufficient fund in court, arising from the sale. to pay the mortgage, as well as Miller Bros., and Gilbert Hubbard & Co., and the question is, whether the mortgage is to be paid in preference to the supplies and materials furnished in the home port.

I am of opinion that it is, and that it constitutes a prior lien upon the vessel, and should be first paid out of the proceeds. It may be admitted that if these supplies and materials constitute a maritime lien upon the vessel, this priority would not exist, but the

case of The Lottawanna, 21 Wall. [88 U. S.] 558, decides that these claims did not constitute a maritime lien, and although that case was decided under a strong dissent, still, whatever may be our personal views, we must assume it to be the law in the federal courts upon the subject, thus reaffirming the rule laid down by the supreme court of the United States in the case of The Gen. Smith, 4 Wheat. [17 U. S.] 438.

In the case of The Lottawanna, the supreme court held that the claims which were made under the state laws of Louisiana were not valid because that law had not been complied with, and there was no obstacle arising in that way to prevent the payment of the mortgage there set up. In this case it is admitted that there was a valid lien for supplies and materials furnished the schooner, under the law of this state, and we are therefore met directly by the question whether the mortgage supersedes the state lien. The law of the state required that in order to make the lien available as against other creditors or subsequent incumbrancers, or bona fide purchasers, proceedings must be instituted within nine months after the indebtedness accrued This would exclude a large portion of the claims of the libellants.

The 27th section of the act of 1850 (Rev. St. § 4192) required in order that mortgages on vessels should be valid as against certain persons, that they should be recorded in the office of the collector of customs where the vessel was registered or enrolled. That section provided that the lien by bottomry on any vessel created during her voyage, by a loan of money or for materials necessary to repair or enable her to prosecute the voyage, should not lose its priority or be in any way affected by the mortgage. This would seem to mean a maritime lien, and not a lien created solely by a law of one of the states. It was intended that in all such cases as are referred to in the proviso, the vessel should be bound independent of the mortgage, but as the lien in this case was not a maritime lien, it is not strictly within the terms of the proviso.

As the twelfth rule in admiralty now stands and as construed by the supreme court, a claim for materials, supplies, repairs, or other necessaries, where a lien exists by the law of a state, though not by the maritime law, may be enforced by the admiralty in a proper case of admiralty jurisdiction, but it by no means follows that because the law of a state gives a lien, it is superior to that of a mortgage. The case of Aldrich v. Aetna Co., 8 Wall. [75 U. S.] 491, is a strong illustration of this principle. There it was sought to make an attachment against the vessel, issued and served subsequent to the recording of a mortgage, supersede it because the law of the state as to the mortgage had not been complied with, which the supreme court decided could not be done. White's Bank v. Smith, 7 Wall. [74 U. S.] 649; The Belfast, Id. 642.

[3] [From 7 Chi. Leg. News, 387.]
[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]
[2] [Affirming Case No. 7,620.]

In the case of The Emily Souder, 17 Wall. [84 U. S.] 666, the supplies and advances were made in a foreign port and constituted a maritime lien, and were properly held to be paramount to the claims of the mortgagees, and, indeed, were substantially within the spirit of the proviso of the act of congress as to the recording of mortgages on vessels.

The supreme court of this state, in construing the law of the state in relation to the lien of boats and vessels in the case of The Barque Great West, No. 2 v. Obenndorf, 57 Ill. 168, and in the case of The Hilton v. Miller, 62 Ill. 230, held that the lien created by the statute for supplies or materials furnished was subordinate to that of a mortgage given and recorded under the act of congress; and it is held in the case of The Grace Greenwood [Case No. 5,652], that a mortgage properly recorded under the act of congress, took precedence of the lien under the state law for supplies and materials furnished subsequent to the mortgage.

To the principles announced in that case, and which I believe have been followed in this circuit since, I still adhere. It seems to me, as between these different liens existing in this case, that of the mortgagee is paramount. The Sky Lark [Case No. 12,928]; The Lady Franklin [Id. 7,983]. The legislation of congress was upon a subject confessedly within its legitimate authority, and it must therefore override all state legislation upon the subject, even if any existed. As the decision of the district court was in accordance with the views here stated, the decree is affirmed.