<hr />

CAROLINE FULLER vs. JOSEPH B. FOOTE.

Fairfield Co., Oct. T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A creditor of A, a resident of the state of New York, brought a suit against him in this state and garnished B as his debtor. A suit was pending in the state of New York, brought by A against B upon the same claim, in which suit A afterwards recovered judgment against him. Upon a scire facias afterwards brought by the factorizing creditor against B as garnishee, it was held—

1. That the plaintiff had succeeded to all the rights of A as creditor of B.
2. That the judgment, which was conclusive of B's indebtedness to A as between the parties, was also conclusive in favor of the plaintiff.

It is provided by Gen. Statutes, § 910, that where a suit is brought against a person not a resident or inhabitant of this state by attachment of property here, a copy of the process, with a return describing the property attached, shall be left by the officer with the agent of the defendant in this state, or if there be no agent, with the person in possession of the property attached. Held that in a process of foreign attachment against a person not an inhabitant of the state, the leaving of such copy is not necessary, the case being governed by Gen. Statutes, § 1245.

[Argued October 27th—decided December 30th, 1887.]

SCIRE FACIAS upon a process of foreign attachment; brought to the Court of Common Pleas in Fairfield County and tried to the jury before *Hall, J.* Verdict for the plaintiff, and appeal by the defendant for error in the rulings of the court. The case is fully stated in the opinion.

*A. T. Bates,* for the appellant.

1. The service of the original factorizing suit was defective, no copy having been left by the officer, with a description of the property attached, with the present defendant for Bible, the defendant in that suit. Gen. Statutes, § 910 ; *Cady* v. *Gay,* 31 Conn., 396 ; *McGuire* v. *Church,* 49 id., 248.

2. The New York judgment in the case of *Bible* v. *Foote* is not conclusive as to the indebtedness of Foote to Bible in favor of a stranger, as this plaintiff is. It should have been received only as an admission of indebtedness which ought to be rebutted. 1 Greenl. Ev. (13th ed.), § 527. The defendant could not be estopped by that judgment against one not a party or privy to it. Estoppel must be mutual, and the plaintiff could not be estopped by it. 1 Greenl. Ev., §§ 195, 204 ; *Parsons* v. *Copeland,* 33 Maine, 370.

3. The defendant was misled by the letter of the plaintiff's attorney and therefore made no defense to that suit. The plaintiff should not profit by this. If she was in no fault yet the fact that the defendant was misled should be a sufficient reason for holding him not concluded, as against her, by the judgment. *Carrington* v. *Holabird,* 17 Conn., 530, 537 ; *Pierce* v. *Olney,* 20 id., 544, 555 ; *Embry* v. *Palmer,* 107 U. S. Reps., 3, 11.

*J. B. Hurlbutt,* for the appellee.

BEARDSLEY, J. This is an action of *scire facias.* The defendants appeal from the judgment of the Court of Common Pleas.

The original suit was against one George W. Bible, a resident of the state of New York, and the writ was not other-

wise served than by leaving a copy with the defendant as garnishee. He claims that such service was defective because no copy, with a return upon it describing the estate attached, was left with the agent or attorney of Bible in this state, according to the provisions of General Statutes, § 910. The court below overruled the claim, and such ruling is assigned for error.

The claim is sufficiently answered by section 1245 of the statutes, which provides that " service of a process by foreign attachment on the garnishee shall be sufficient notice to a defendant, if he be not an inhabitant of this state, to bring the action to trial."

· When service was made upon the defendant in the original action, a suit was pending in New York, brought by Bible against the defendant, to recover the alleged indebtedness. The defendant appeared and answered in that suit, and Bible recovered a valid judgment against him. That judgment was rendered before the plaintiff recovered judgment against Bible, and was for a less sum than the plaintiff's judgment. Upon the trial of this case the court below rejected evidence offered by the defendant to prove that he was not indebted to Bible when he was garnished, upon the ground that he was estopped by the New York judgment from setting up that defense to this action. The defendant assigns this ruling of the court for error.

By the garnishment of the defendant in the suit against Bible, and the rendition of the judgment and the demand seasonably made upon the execution, the plaintiff succeeded to all the rights of Bible in the claim against the defendant evidenced by and merged in the judgment, and was placed in legal privity with him. It is not apparent why the judgment which would be conclusive in favor of Bible is not equally so in favor of the plaintiff.

In the case of *Barber* v. *Hartford Bank*, 9 Conn., 407, which like this was an action of *scire facias* to recover a judgment debt due from a garnishee to the original defendant, it was assumed by the counsel in argument, and by the court in its opinion, that the judgment was conclusive be-

tween the parties to the *scire facias*, though the case was decided on another ground. Drake on Attachments, § 627 ; *O'Brien* v. *Liddell*, 10 Sm. & Marsh., 371 ; *Mathis* v. *Clark*, 2 So. Car. Const. R., 456.

The defendant claimed upon the trial that the plaintiff was estopped from availing himself of the New York judgment, and to support this claim offered in evidence the following letter addressed to him, and written by the attorney for the plaintiff, shortly after the commencement of her suit against Bible :—" Norwalk, Conn., April 25th, 1885. My Dear Sir :—I am in receipt of a letter from Mr. Keeler, attorney for your son-in-law, Mr. Mackey, saying that you were somewhat worried about the garnishment of Mrs. Fuller. Mr. Keeler is also attorney in New York for Mrs. Fuller, and I am directed to say that her claim will not affect you. You need employ no lawyer nor go to court. You will not be put to expense or harm in any way." And in connection with the letter offered to prove that he, the defendant, on receipt of the letter, and on account of it, believed that the suit then pending against him in New York was settled and therefore paid no further attention to it. This evidence was rejected by the court, and the defendant alleges this ruling for error.

The evidence was properly rejected. It is enough to say that there is in the letter no allusion to the New York suit then pending. It refers wholly to the factorizing suit which the plaintiff had brought in this state. The inference which the defendant claims to have drawn from it was therefore unwarranted.

There is no error in the judgment complained of.

In this opinion the other judges concurred.